IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY JEROME BANKS,

    Petitioner,

v.                                           CASE NO. 4:14-cv-97-WS-GRJ

JULIE L. JONES,

    Respondent.
_____/

# REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Respondent filed a response and an appendix with relevant portions of the state-court record. (Doc. 11.) Petitioner did not file a reply to the response. Upon due consideration of the Petition, the Response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

On March 11, 2008, Petitioner was charged by information with one count of sale of a controlled substance and one count of possession of controlled substance with intent to sell or deliver. (Doc. 11-1 at 19.) Petitioner submitted to trial by jury on January 21, 2009, and was found guilty as to all counts. (Doc. 11-1 at 32-33.) He was sentenced to fifteen years on each count, with the sentences to run concurrently. (Doc. 11-1 at 36-43.)

Petitioner appealed his conviction and sentence to the First District Court of

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Appeal ("First DCA") on March 10, 2009.  (Doc. 11-1 at 55.)  The First DCA affirmed his judgment and conviction on September 3, 2010, without written opinion.  (Doc. 11-3 at 92.)  Mandate issued September 21, 2010.  (Doc. 11-3 at 94.)

Petitioner filed a motion pursuant to Fla. R. Crim. P. 3.850, challenging his conviction, on December 2, 2010.  (Doc. 11-3 at 98-110.)  The state filed a response.  (Doc. 11-3 at 113-117.)  The court summarily denied all grounds with a brief written opinion on May 26, 2011.  (Doc. 11-3 at 118.)   Petitioner appealed the denial, and the First DCA affirmed the trial court's denial on October 27, 2011.  (Doc. 11-4 at 3-21, Doc. 11-4 at 26.)  Mandate issued November 22, 2011.  (Doc. 11-4 at 28.)

He filed a second post-conviction motion under Fla. R. Crim. P. 3.850 on December 16, 2011.  (Doc. 11-4 at 37-44.) Petitioner's motion was denied by the state court on June 27, 2012, which was *per curiam* affirmed by the First DCA on November 6, 2013.  (Doc. 11-4 at 59, Doc. 11-4 at 106.)  The mandate issued on December 3, 2013.  (Doc. 11-4 at 108.)  Petitioner subsequently filed this petition.  (Doc. 1.)

## Section 2254 Standard of Review

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to

"pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); *see* § 2254(e) (1). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___, 134 S.Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the

state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529

U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise

question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

Because the Petition alleges ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as

"[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. §

*Case No: 4:14-cv-97-WS-GRJ*

2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## DISCUSSION

***Claim (1): Trial counsel was not ineffective for requesting a jury instruction on the law of principals when Petitioner had no co-defendant and was not charged as a principal.***

In his first claim for relief, Petitioner contends that his trial counsel was ineffective for requesting a jury instruction defining the law of principals when Petitioner had no co-defendant and was not charged as a principal. Petitioner raised this claim in ground one of his first post-conviction motion under Fla. R. Crim. P. 3.850. The State, in their response, addressed this ground as follows:

> "The Defendant asserts that, in order to have the principal instruction given to the jury by his counsel, the Defendant had to be specifically charged as a principal in the Information. The State assumes that the Defendant is alleging his counsel was ineffective based on the request by his counsel to include the principal instruction during the charge conference.
>
> The law is clear that the purpose of an Information is to fairly apprise a defendant of the offenses with which he or she is charged. *See Leeman v. State*, 357 So. 2d 703, 705 (Fla. 1978); *Bradley v. State*, 971 So. 2d 957, 959 (5th DCA 2007); *Rogers v. State*, 963 So. 2d 328, 332 (2d DCA 2007). The State would argue that the Information was sufficient in the Defendant's case to support the charges for which he was convicted.
>
> The State would also note that the Defendant's counsel specifically requested the principal instruction based on his belief that the facts in the Defendant's case supported that the Defendant was innocent of the charges. During the Defendant's case in chief, the Defendant's counsel attempted to establish not only that the Defendant did not actually sell the drugs to the Confidential Informant, but the Defendant was also not acting as a principal in the case. The Defendant's counsel's request to include the principal instruction was warranted based on the Defendant's version of the case and the Defendant's counsel delivered effective assistance by requesting the principal instruction."

(Doc. 11-3 at 113-114.)(internal citations omitted). The trial court denied Petitioner's claim, attaching the State's response to the order, and the First DCA

*Case No: 4:14-cv-97-WS-GRJ*

affirmed the denial.  (Doc. 11-3 at 118; Doc. 11-4 at 26.)

The inquiry as to counsel's actions is not whether they were strategic, but whether they were reasonable.  *Roe*, 528 U.S. at 481 (2000).  Petitioner argues that his trial counsel inappropriately requested the "principal" jury instruction, despite the information failing to charge Petitioner as a principal.   It is clear, however, that at trial, defense counsel's strategy was to argue that Mr. Farmer, Petitioner's co-defendant, was the person who executed the drug transaction, and Petitioner did not actually commit the crime, but rather just accompanied Mr. Farmer to the transaction.  (Doc. 11-1 at 166-168; Doc. 11-2 at 13-14, 19-20, 38-43, 44-46, 49, 69-76, 142-156.)

Trial counsel specifically moved for the inclusion of the principal instruction. (Doc. 11-2 at 101-102.)  He secured a special instruction that added to the principal theory as follows:

> "Mere knowledge that an offense is being committed does not equate to participation with criminal intent and mere presence at the scene, driving a perpetrator to or from the crime or a display of questionable behavior after the fact alone–is not alone sufficient to establish participation."

(Doc. 11-2 at 113-114.)

Trial counsel's theory, that Mr. Farmer conducted the drug transaction and Petitioner was present but did not participate, was reasonable.  In view of the deference that must be afforded to counsel's strategic decisions, on this record the Court concludes that Plaintiff has failed to establish any deficiency in counsel's performance. Accordingly, Petitioner has not shown that the state court's rejection of this claim on the merits was contrary to, or an unreasonable application of, federal law and, therefore, habeas relief is due to be denied as to this claim.

*Case No: 4:14-cv-97-WS-GRJ*

### *Claim (2): Trial counsel was not ineffective for conceding statements that amounted to a guilty plea.*

In Petitioner's next claim he contends that his counsel "conceded to certain facts which were tantamount in a confession that Banks sold cocaine on December 15, 2008." (Doc. 1 at 8.) Petitioner claims that his counsel conceded in his opening and closing argument that the drug sales were committed by Petitioner, not Mr. Farmer. *Id.*

In the Petition Petitioner does not identify any specific statements from the trial in which defense counsel conceded that Petitioner was the person executing the drug transaction, instead of Mr. Farmer. The State addressed this ground in their response to Petitioner's Rule 3.850 motion, arguing that defense counsel rendered effective assistance through the opening and closing statements by continually commenting that Mr. Farmer was entirely responsible for the sale and possession of the drugs, and his discussion of reasonable doubt, including his attack on the credibility of the State's witnesses. (Doc. 11-3 at 114.)

On this record, the Court concludes that Plaintiff has failed to establish any deficiency in counsel's performance. As the State argued in their response to Petitioner's post-conviction motion, trial counsel repeatedly contended throughout his opening and closing statements that the drug transaction was conducted by Mr. Farmer, not Petitioner. Trial counsel also discussed the two potential possibilities, that Mr. Farmer sold the drugs and that Petitioner sold the drugs, and argued that the existence of two likely possibilities creates reasonable doubt that must cause the jury to acquit Petitioner. (Doc. 11-2 at 141-156.) Petitioner does not point to any statements made by trial counsel where trial counsel "conceded" that Petitioner was the individual

who executed the drug transaction. And notably, the trial transcript does not reflect that defense counsel ever made statements of this nature. (Doc. 11-1 at 130-133; Doc. 11-2 at 141-156.)  Thus, Petitioner has not shown that the state court's rejection of this claim on the merits was contrary to, or an unreasonable application of, federal law, and federal habeas relief is denied as to this claim.

### Claim (3): Trial counsel was not ineffective for not impeaching the confidential informant.

Petitioner's third claim for relief is that his trial counsel rendered ineffective assistance by failing to impeach the confidential informant. (Doc. 1 at 10.) Petitioner states that he will not present legal argument on this ground, but will rely on the Court to determine if an evidentiary hearing is warranted.

The State addressed this claim in Petitioner's first post-conviction motion. The State pointed out that Petitioner "[did] not give any specific or legally recognized ground that would support impeachment of the Confidential Informant." (Doc. 11-3 at 115.) The State argued that defense counsel could not use conflicting testimony of Mr. Farmer to impeach the testimony of the Confidential Informant when the Confidential Informant did not previously state any version of events that conflicted with her testimony at trial. The State also pointed out that to the extent Petitioner argued that the Confidential Informant should have been impeached based on her prior convictions involving dishonesty, defense counsel was not required to impeach her. The State brought up the Confidential Informant's prior convictions during direct examination, and defense counsel mentioned her prior convictions during closing argument. *Id.*

Respondent argues that this claim has been insufficiently pled and should be

denied, as Petitioner has only made a conclusory allegation of error. Respondent is correct. In a habeas corpus proceeding, the burden of proof is on the habeas petitioner "to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008). The petitioner must allege "specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Adams v. Armontrout*, 897 F.2d 332 (8th Cir. 1990). Petitioner has failed to meet his burden as to this claim because he only alleges in a conclusory manner that his trial counsel was ineffective for failing to impeach the confidential informant, without providing factual support. Thus, this claim for relief is due to be denied on this ground alone.

Even if Petitioner's claim were sufficiently pled, however, it still fails to warrant habeas relief. Petitioner claims that trial counsel rendered ineffective assistance when he did not impeach the Confidential Informant at trial. However, as the State explained in the response to Petitioner's Rule 3.850 motion, the Confidential Informant had no prior statements that conflicted with her testimony at trial. To the extent that Petitioner argues that the Confidential Informant should have been impeached due to her prior convictions for dishonesty, the State addressed these convictions on their direct examination of the Confidential Informant. And Defense counsel referred to these convictions in his closing argument, which attacked the Confidential Informant's credibility. Petitioner has not shown any deficiency with respect to trial counsel's performance.

Accordingly, because Petitioner has not shown that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law, relief is due to be denied.

### Claim (4): Trial counsel was not ineffective for failing to object to the State's closing arguments.

Petitioner's final claim for relief is that his trial counsel failed to object to the State's closing argument, which was prejudicial and denied him a new trial. (Doc. 1 at 12.) In the response to Petitioner's Rule 3.850 motion the State argued that both the State and defense counsel attacked witness credibility in their closing arguments, that Petitioner only "gives a general overview to what he felt was improper during the State's closing arguments," and that any comments made by the prosecutor, if improper, did not rise to the level required to warrant an objection by defense counsel. (Doc. 11-3 at 116.)

In some circumstances, improper jury argument by the prosecution may violate a defendant's constitutional right to a fair trial. *See, e.g., Cronnon v. State*, 587 F.2nd 246, 251 (5th Cir. 1978). The standard is: (1) whether the argument was improper; and (2) whether any improper argument was so prejudicial as to render the trial fundamentally unfair. *Davis v. Kemp*, 829 F.2d 1522, 1526 (11th Cir. 1987). A prosecutor is permitted to argue the evidence presented and suggest inferences that the jury might draw from it. *United States v. Simon*, 964 F.2d 1082, 1086 (11th Cir. 1992); *Houston v. Estelle*, 569 F.2d 371, 380 (5th Cir. 1978).

Although Petitioner has not identified in the Petition which remarks of the prosecutor he challenges, in his first post-conviction motion, Petitioner raised this claim

and argued that defense counsel failed to object to the prosecutor's comments regarding the credibility of witnesses, his belief about evidence, and his comments on the merits of the case.

Prosecutors are permitted to argue about the defense witnesses' credibility when the defense has attacked the State witnesses' credibility. *United States v. Eley*, 723 F.2d 1522, 1526 (11th Cir. 1984). Both the prosecutor and defense counsel attacked the credibility of witnesses in their closing arguments; thus, the prosecutor's comments on credibility were not improper in the instance. Furthermore, a prosecutor is permitted to suggest inferences that the jury might draw from the evidence. *Simon*, 964 F.2d at 1086. The prosecutor, in this case, was permitted to suggest inferences that the jury might make from the testimony of the Confidential Informant and the recorded tape of the arrangements for the drug transaction. Although Petitioner does not identify which statements of the prosecutor he challenges, the prosecutor's suggestion that the evidence was clear is not an improper comment. Furthermore, to the extent that any statements by the prosecutor were improper, none could be considered to rise to the level to render the trial "fundamentally unfair."

Given that the prosecutor did not make improper comments, defense counsel cannot be ineffective for failing to object. *See Diaz v. Secretary for the Dept. of Corrections*, 402 F.3d 1136, 1142 (11th Cir. 2005)(counsel is not ineffective for failing to raise a meritless argument). Therefore, on this record, Petitioner has failed to establish that the state court engaged in an unreasonable or contrary application of federal law; thus habeas relief is due to be denied as to this claim.

Case 4:14-cv-00097-WS-GRJ   Document 14   Filed 08/28/15   Page 16 of 17

Page 16 of 17

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 28th day of August 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 4:14-cv-97-WS-GRJ*

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.